## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PERINA YOUNG VESSEL** | * | **CIVIL ACTION:** |
| **v.** | * | |
| | * | |
| **WALMART INC.,** | * | **JUDGE:** |
| | * | |
| | * | **MAG:** |
| | * | |
| | * | **JURY TRIAL DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**TO:** The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

Defendant, Walmart Inc. ("Walmart"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Walmart under the provisions of 28 U.S.C. § 1441(b), in that it is a civil action among diverse parties who are citizens of different states and foreign countries, and Plaintiff's claims involve an amount in controversy that exceeds $75,000, exclusive of costs and interests.

2.

On September 8, 2022, Plaintiff, Perina Young Vessel, filed a Petition for Damages (Exhibit A) against Walmart Inc. in the 21st Judicial District Court for the Parish of Livingston,

State of Louisiana, bearing docket No. 175405, Division "F."

3.

Defendant, Walmart, was served through its agent for service of process, CT Corporation, on October 5, 2022, with Plaintiff's Petition for Damages (see Citation attached hereto as Exhibit B).

4.

Plaintiff's suit seeks damages from Walmart for personal injuries and damages allegedly sustained by Plaintiff as a result of an alleged incident that occurred at Walmart Store #2822 located at 28270 Walker South Road, Walker, LA, on May 7, 2022.

5.

On November 29, 2022, Walmart filed an Answer to Plaintiff's Petition for Damages (Exhibit C).

6.

In accordance with Louisiana law, Plaintiff's Petition for Damages does not identify any of Plaintiff's injuries or damages with particularity, nor specify any amount of damages suffered by Plaintiff to determine the amount in controversy. Plaintiff merely states that the damages will exceed the $10,000 threshold amount for a trial by jury.

7.

Based on the allegations and information contained in the Petition, this matter was not initially removable in light of the amount in controversy requirement of 28 U.S.C. §§ 1332(a). Plaintiff's allegations concerning her injuries were vague and largely generic, and they failed to identify with any specificity the parts of his body affected, the length of time affected, the nature or extent of treatment necessitated by the injuries, or the cost of such treatment or anticipated future

treatment. Further, no pre-suit medical records or settlement demand were ever sent by plaintiff to Walmart.

8.

On November 29, 2022, the same day as filing its Answer, Walmart propounded written discovery to Plaintiff.

9.

Plaintiff failed to respond timely to the foregoing written discovery. Walmart, therefore, conducted a meet-and-confer conference, and then filed a Motion to Compel (Exhibit D). Walmart's Motion to Compel was scheduled for July 17, 2023 (Exhibit E).

10.

Prior to the July 17, 2023 hearing on Walmart's Motion to Compel, Plaintiff provided Walmart with responses to its Interrogatories and Requests for Production of Documents on July 12, 2023. Plaintiff's discovery responses stated that Plaintiff sustained shoulder pain, torn rotator cuff and knee pain due to of the Walmart incident. Plaintiff's discovery responses provided no information regarding her past medical expenses, or the length or extent of any medical treatment related to the Walmart accident. As a result, this matter was still not removable in light of the amount in controversy requirement of 28 U.S.C. §§ 1332(a).

11.

**On July 19, 2023**, Walmart received Plaintiff's medical records from OrthoBR, which show that plaintiff was diagnosed with a **rotator cuff tear in her shoulder**, treated with an injection. Plaintiff also complained of **radicular pain in her neck that radiates into her upper extremities with tingling, numbness, and intense headaches**.

12.

Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within 30 days after receipt by Walmart, through service or otherwise, of a copy of this "other paper," from which it may now be ascertained, for the first time, that the amount in controversy exceeds $75,000 and that the case has now become removable.

13.

The Notice of Removal is also being filed within one year of commencement of this action, pursuant to 28 U.S.C. § 1446(c).

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

14.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States" and "citizens of a State and citizens or subjects of a foreign state."

A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

15.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

16.

Plaintiff's Petition for Damages is silent as to the amount of damages that Plaintiff seeks, and does not identify with specificity the nature or extent of her injuries, or the amount of damages claimed attendant thereto (Exhibit A). There is no dollar amount pled in the Petition, there were no pre-suit medical records ever sent by plaintiff, and plaintiff has never submitted any settlement demand in this lawsuit. The plaintiff has not appeared for a deposition yet.

17.

Plaintiff's Petition for Damages does not offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995). See Also C*osey v. Wal-Mart Louisiana, LLC*, No. CV 19-554-SDD-EWD, 2019 WL 4039620, at *2 (M.D. La. Aug. 27, 2019).

18.

On July 19, 2023, undersigned counsel received "other paper," consisting of Plaintiff's medical records from OrthoBR. These records revealed that Plaintiff complained of **radicular pain in her neck that radiated into her upper extremities** with tingling, numbness, and intense headaches after the Walmart incident. Plaintiff's medical records also reveal that Plaintiff was diagnosed with a **rotator cuff tear in her shoulder** which was treated with injections. Additionally, Plaintiff's Petition for Damages alleges she has sustained the following damages: medical bills incurred in her care and treatment; past and future physical pain and suffering; past and future mental anguish pain and suffering; loss of enjoyment of life and inconvenience; **the potential for permanent disability; and economic damages for lost wages**. The presence of alleged neck pain with radicular symptoms, intense headaches, a rotator cuff tear, and alleged

permanent disability with economic damages, places the amount in controversy at over $75,000, particularly where additional items of special damages (permanent disability and economic damages for lost wages) are claimed including medical expenses.[1]

19.

While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**B.    COMPLETE DIVERSITY**

20.

Plaintiff, Perina Young Vessell, is domiciled in the State of Louisiana (see Petition for Damages attached as Exhibit A).

21.

Defendant, Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

22.

Therefore, there is complete diversity of citizenship between the Plaintiff and Defendant.

23.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by "other paper", exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity

---

[1] **Indeed, general damages alone for torn rotator cuff injuries have exceeded $75,000.** *See Landry v. CSX Transportation, Inc.*, **2:21-cv-00872 (USDC-EDLA 06/30/22) ($100,000 in general damages for rotator cuff tear);** *Johnson v. ANPAC Louisiana Ins. Co.*, **268,208 (9th JDC 04/05/22) ($85,000 in general damages for multiple shoulder injuries, including a torn rotator cuff)**

exists between all adverse parties.

## II.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

24.

This Notice of Removal is being filed within one year of the filing of the Petition for Damages and within thirty (30) days after first receipt by Walmart of "other paper" from which it may now be ascertained, for the first time, that the amount in controversy exceeds $75,000, and is therefore timely under 28 U.S.C. § 1446(b).

25.

Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States and citizens of a State and citizens or subjects of a foreign state.

26.

The 21st Judicial District Court for the Parish of Livingston, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

27.

No previous application has been made by Walmart in this case for the relief requested herein.

28.

Pursuant to 28 U.S.C. § 1446(a), Walmart has attached a copy of "all process, pleadings, and orders served upon it" in this action. In particular, a copy of the Petition for Damages is attached hereto as Exhibit A, notice of service to Walmart through its agent for service of process, CT Corporation, is attached as Exhibit B, Walmart's Answer to Plaintiff's Petition for Damages is attached as Exhibit C, Walmart's Motion to Compel is attached as Exhibit D, and an Order from the state court re-setting the hearing date on Walmart's Motion to Compel is attached as Exhibit E. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.

29.

Petitioners desire and are entitled to trial by jury of all issues herein.

**WHEREFORE**, Defendant, Walmart Inc., hereby removes this action from the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

    Respectfully submitted,

    /s/*P. Sinnott Martin*
    **ISIDRO RENÉ DEROJAS (#18182)**
    **DEVIN FADAOL (#26878)**
    **P. SINNOTT MARTIN (#37218)**
    **McCRANIE, SISTRUNK, ANZELMO,**
    **HARDY, McDANIEL & WELCH**
    195 Greenbriar Blvd., Suite 200
    Covington, LA  70433
    Telephone:  (504) 831-0946
    Facsimile:   (800) 977-8810
    E-Mail:  cdf@mcsalaw.com
            psm@mcsalaw.com
    **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 17th day of August, 2023.

*/s/P. Sinnott Martin*
**P. SINNOTT MARTIN**